IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LES CONCIERGES, INC., | No. C-09-1510 MMC |
|     Plaintiff, | **ORDER GRANTING IN PART, DENYING IN PART, AND DEFERRING IN PART RULING ON PLAINTIFF'S APPLICATION FOR TEMPORARY RESTRAINING ORDER AND FOR OTHER RELIEF; SETTING BRIEFING SCHEDULE AND HEARING** |
|   v. | |
| MARK ROBESON, et al., | |
|     Defendants / | |

Before the Court is plaintiff Les Concierges, Inc.'s "Application for (1) Temporary Restraining Order; (2) Order to Show Cause Re: Preliminary Injunction; and (3) Order Re: Expedited Discovery," filed April 8, 2009. On April 10, 2008, the Court conducted a telephonic conference, at which time Patricia A. Murphy appeared on behalf of plaintiff, David Potter of Lazare, Potter & Giacovas LLP appeared on behalf of defendants Les Concierges Services Pvt. Ltd. and Club Concierge Services, Inc., and James Petrie of Bricker & Eckler appeared on behalf of defendant Mark Robeson. Having read and considered plaintiff's Application, and having considered the arguments made at the April 10, 2009 conference, and for the reasons stated on the record at the conference, the Court rules as follows.

    1. Plaintiff has made a sufficient showing that serious questions exist as to the merits of its claims and that the balance of hardships tips sharply in its favor. Accordingly,

IT IS HEREBY ORDERED that, pending a hearing on whether a preliminary injunction should issue:

    a. Mark Robeson shall deliver to plaintiff, within three business days of the service of the instant order, the following documents and things in his possession, custody or control:  all files, documents, records, data and/or information, in any format, including reproductions thereof, obtained or created by him during and in the course of his employment with plaintiff, including but not limited to any and all files, documents, records, data and/or information that were stored at any time on the Dell laptop computer, the MacBook and/or the Blackberry that plaintiff provided to him for his use during and in the course of his employment with plaintiff; and

    b. Mark Robeson shall deliver to plaintiff, within three business days of the service of the instant order, the MacBook computer, facsimile machine, printer and supplies, and any other property that plaintiff provided to him for his use during his employment with plaintiff, to the extent any such property is in his possession, custody or control.

    c. Defendants are enjoined from making any use, in any matter, for any purpose, of any of plaintiff's alleged trade secrets, proprietary information and/or confidential information.

    d. Defendants and any other person or entity participating with or acting for, on behalf of, or in concert with any defendant, including but limited to officers, employees, agents, attorneys and representatives, to the extent they are not already doing so, shall take immediate steps to preserve any and all "writings" or "recordings," as those terms are defined in Rule 1001 of the Federal Rules of Evidence, and all electronic information, regardless of storage or retention medium or method, on any computer hard drive, back-up drive, disc drive, hard disc, floppy disc, compact disc, magnetic tape, zip file, personal digital assistant, mobile phone, or in any other form or on any other medium that are in their possession, custody, or control and that may be relevant to a claim or defense of any party in the within action.

      e. No later than April 16, 2009, plaintiff's designated officer, director or managing agent shall appear at a deposition, pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure.

      f. No later than April 17, 2009, defendant Mark Robeson shall appear at a deposition to be conducted in San Francisco.

      g. Plaintiff may serve requests for documents on defendants, and defendants may serve requests for documents on plaintiff, relating to defendants' alleged misappropriation of plaintiff's trade secret information. The responding party will have five business days from the date of service of the request for documents to serve responses and documents.

      h. All parties may proceed to serve other appropriate discovery requests, including service on third parties.

      i. Pursuant to Rule 65(c) of the Federal Rules of Civil Procedure, as a condition of the temporary restraining order, plaintiff shall post a bond in the amount of $2500 to secure payment of any damages sustained by defendants if they are later found to have been wrongfully enjoined or restrained.

   2. To the extent plaintiff seeks an order restraining Mark Robeson from participating in any way in the preparation of a proposal in response to a Request for Proposal the parties expect a major financial institution will shortly issue, the Court DEFERS ruling on the Application, pending consideration of further briefing on that matter, as follows:

      a. No later than April14, 2009 at 2:00 p.m., defendants shall file any opposition.

      b. No later than April 15, 2009 at 2:00 p.m., plaintiff shall file any reply.

   3. In all other respects, the Application is hereby DENIED.

   4. Defendants are hereby ORDERED TO SHOW CAUSE, in writing, why a preliminary injunction should not issue pending the trial of this action or further order of the Court, enjoining and imposing the same restrictions and injunctions as set forth above and as requested in the Application, even if denied above. The response and reply thereto

shall be filed and will be heard as follows:

    a. Defendants' response to the Order to Show Cause shall be filed no later than April 17, 2009.

    b. Plaintiff shall file any reply to defendants' response no later than April 22, 2009 at noon.

    c. The hearing on the instant order to show cause will be conducted on April 24, 2009, at 9:00 a.m.

**IT IS SO ORDERED.**

Dated: April 10, 2009

                            MAXINE M. CHESNEY
                            United States District Judge