IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LES CONCIERGES, INC., | No. C-09-1510 MMC |
| Plaintiff, | **ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION** |
| v. | |
| MARK ROBESON, et al., | |
| Defendants / | |

Before the Court is plaintiff Les Concierges, Inc.'s ("LC US") motion for a preliminary injunction, which motion is included in plaintiff's application for a temporary restraining order filed April 8, 2009. Defendants Les Concierges Services Pvt. Ltd. ("LC India") and Club Concierge Services, Inc. ("Club Concierge") have filed opposition thereto, in which defendant Mark Robeson ("Robeson") has joined, and to which LC US has filed a reply. The matter came before the Court for hearing April 24, 2009. Partricia A. Murphy appeared on behalf of LC US. David E. Potter of Lazare Potter & Giacovas LLP appeared on behalf of LC India and Club Concierge. Debra Steel Sturmer of Lerch Sturmer LLP appeared on behalf of Robeson. Having considered the parties' written submissions, as well as the arguments of counsel, the Court rule as follows.

By the instant motion, as clarified in LC US's reply and at the hearing, LC US seeks issuance of a preliminary injunction imposing the restrictions set forth in the Court's

temporary restraining order filed April 10, 2009, as well as imposing two additional restrictions: (1) enjoining defendants from submitting a proposal in response to a Request for Proposal ("RFP") that a specific financial institution has recently issued;[1] and (2) enjoining defendants from soliciting business from any entity or person who was a customer of LC US at any time during Robeson's employment with LC US, as well as from any entity or person who was "actively solicited for business" by LC US during Robeson's employment with LC US.

"A preliminary injunction is an extraordinary and drastic remedy." Munaf v. Geren, 128 S. Ct. 2207, 2219 (2008) (internal quotation and citation omitted). Consequently, "[a] plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Res. Def. Council, Inc., 129 S. Ct. 365, 374 (2008); see Munaf, 128 S. Ct. at 2719 (holding district court abused its discretion by issuing preliminary injunction in absence of finding plaintiff had demonstrated a "likelihood of success on the merits" of his claims).

Here, to the extent LC US seeks issuance of a preliminary injunction imposing the restrictions set forth in the Court's April 10, 2009, defendants have stated no opposition thereto. Accordingly, the Court will impose such an injunction, and next considers whether LC US has shown its entitlement to a further injunction.

LC US argues it is likely to succeed on the merits of its claim for misappropriation of trade secrets, under a theory of threatened misappropriation. To prevail on a claim for threatened misappropriation, a plaintiff must establish the following: "(1) trade secrets (2) remain in the possession of a defendant (3) who actually has misused or disclosed some of those trade secrets in the past." See Central Valley General Hospital v. Smith, 162 Cal. App. 4th 501, 527 (2008). The third element is alternatively satisfied by evidence

---

[1] At the hearing, LC US advised the Court the RFP was issued on April 22, 2009.

1  the defendant "intends to improperly use or disclose some of [the] trade secrets," see id. at
2  528; evidence of such an intent may be established by circumstantial evidence, see
3  Prosonic Corp. v. Stafford, 539 F. Supp. 2d 999, 1006 (S.D. Ohio 2008).

4      At the outset, the Court finds a threat of misappropriation cannot, as a matter of
5  California law, be inferred from the fact Robeson, upon voluntarily terminating his
6  employment with LC US, immediately began working for a direct competitor and appears to
7  be performing for his new employer the same or similar job duties he performed while
8  employed by LC US.  In particular, California does not recognize the "inevitable disclosure
9  doctrine," under which an employee "may be enjoined by demonstrating the employee's
10 new job duties will inevitably cause the employee to rely upon knowledge of the former
11 employer's trade secrets."  See Central Valley General Hospital, 162 Cal. App. 4th at 524.
12 Consequently, a plaintiff must submit evidence beyond its former employee's knowledge of
13 trade secrets and subsequent change of employers.

14     Here, there is no evidence Robeson made prior improper use of LC US's alleged
15 trade secrets except to the extent such use is either demonstrated by or can be inferred
16 from Robeson's presentation to LC India in June 2008.  (See Walker Decl., filed April 22,
17 2009, Ex. A.)[2]  Having reviewed the documents submitted by LC US with respect to that
18 presentation, the Court finds said documents, whether considered alone or in combination
19 with the other evidence submitted by LC US at this early stage of the proceedings, are
20 insufficient to show LC US is likely to succeed on the merits of its claims.

21     To the extent a plaintiff's showing that "serious questions are raised" as to the merits
22 of its claim can suffice to establish the requisite "likelihood of success on the merits," such
23 plaintiff, to be entitled to an injunction under such alternative showing, must further
24 demonstrate "the balance of hardships tips sharply in [its] favor."  See In re Excel
25 Innovations, Inc., 502 F.3d 1086, 1093 (9th Cir. 2007) (emphasis added) (holding, for

---

[2] There is no evidence, circumstantial or otherwise, to support a finding that Robeson at any time has solicited on behalf of either defendant entity, or has threatened to so solicit, any of LC US's customers, or any entity or person that LC US had "actively solicited."

3

purposes of establishing entitlement to issuance of preliminary injunction, "required degree of irreparable harm increases as the probability of success decreases"). Here, assuming LC US has shown the existence of serious questions going to the merits of its claims, LC US has not shown LC US's injury, were it to fail to obtain the specified contract by reason of misconduct on the part of either defendant, is other than primarily economic in nature, which injury is subject to remedy by an award of monetary damages. Nor has LC US made a sufficient showing that any hardship it will incur in the event defendants submit a response to the subject RFP sharply outweighs the hardship defendants would incur if they were prohibited from submitting such a response.

A preliminary injunction "may only be awarded upon a clear showing that the plaintiff is entitled to such relief." See Winter, 129 S. Ct. at 376. Accordingly, to the extent LC US seeks issuance of a preliminary injunction beyond the scope of the Court's April 10, 2009 order, the motion will be denied.

**CONCLUSION**

For the reasons stated above, LC US's motion for a preliminary injunction is hereby GRANTED in part and DENIED in part as follows:

1. To the extent LC US seeks an order preliminarily enjoining defendants Les Concierges Services Pvt. Ltd., Club Concierge Services, Inc., and Mark Robeson as set forth in the Court's order of April 10, 2009, the motion is GRANTED, and the Court, concurrently herewith, will issue such injunction.

2. In all other respects, the motion is DENIED.

**IT IS SO ORDERED.**

Dated: April 27, 2009

MAXINE M. CHESNEY
United States District Judge