IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LES CONCIERGES, INC., | No. C-09-1510 MMC |
| Plaintiff, | **ORDER RE: LC DEFENDANTS' ADMINISTRATIVE MOTION TO FILE DOCUMENTS UNDER SEAL** |
| v. | |
| MARK ROBESON, et al., | |
| Defendants / | |

    Before the Court is defendants Les Concierges Service PVT. Ltd. and Club Concierge Services Inc.'s ("LC Defendants") "Administrative Motion to File Under Seal," filed April 20, 2009, by which LC Defendants seek leave to file under seal (1) Exhibit 1 to the Declaration of David E. Potter in Support of Defendants' Opposition to Plaintiff's Motion for Preliminary Injunction ("Potter Decl."), which exhibit is the transcript of Ramesh Patel's ("Patel") deposition, (2) Exhibit 2 to the Potter Decl., which consists of the exhibits to the Patel deposition transcript, and (3) an unredacted version of LC Defendants' opposition to plaintiff's motion for a preliminary injunction.[1]

    In their administrative motion, LC Defendants state plaintiff has designated the entirety of Patel's deposition, including each exhibit attached thereto, as confidential.

---

[1] LC Defendants filed in the public record a redacted version of its opposition; redacted therefrom are all references to deposition testimony provided by Patel.

Under the Local Rules of this District, where a party seeks to file under seal any material designated as confidential by another party, the submitting party must file a motion for a sealing order. See Civil L.R. 79-5(d). "Within five days thereafter, the designating party must file with the Court and serve a declaration establishing that the designated information is sealable, and must lodge and serve a narrowly tailored proposed sealing order, or must withdraw the designation of confidentiality." Id. "If the designating party does not file its responsive declaration as required by this subsection, the document or proposed filing will be made part of the public record." Id.

Here, plaintiff has failed to file a responsive declaration, and, as a consequence, has not established that any part of the Patel deposition and exhibits attached thereto constitute confidential matter, much less the entirety thereof. Because plaintiff has clearly taken the position in other filings, as well as during the hearing conducted April 24, 2009, that Patel identified plaintiff's trade secrets during the course of his deposition, however, the Court, rather than directing the Clerk to file in the public record the documents that are the subject of the instant administrative motion, will afford plaintiff leave to file a late declaration.

In that respect, however, the Court notes plaintiff may not assert the entirety of a deposition transcript, along with each exhibit attached thereto, is confidential merely because a portion of the transcript and/or exhibit may be confidential. Under the Local Rules of this District, "[a] sealing order may issue only upon a request that establishes that the document, or portions thereof, is privileged or protectable as a trade secret or otherwise entitled to protection under the law." See Civil L.R. 79-5(a). "The request must be narrowly tailored to seek sealing only of sealable material." Id.

It is readily apparent that the entirety of the Patel deposition transcript is not confidential. (See, e.g., Potter Decl. Ex. 1 at 28:24-29:5 (testimony regarding when specific individual was employed by plaintiff).) Moreover, it is beyond dispute that the entirety of each exhibit attached to the Patel deposition cannot be considered confidential,

particularly given one such exhibit is the proposed Stipulated Protective Order that plaintiff has previously filed in the public record.

Accordingly, plaintiff is hereby afforded leave to file, no later than May 18, 2009, a responsive declaration to LC Defendants' administrative motion.  As discussed above, any such responsive declaration must seek leave to file under seal only the portions of the deposition and exhibits attached thereto that consist of assertedly confidential material.

**IT IS SO ORDERED.**

Dated:  May 11, 2009

MAXINE M. CHESNEY
United States District Judge