IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LES CONCIERGES, INC., | No. C-09-1510 MMC |
|     Plaintiff, | **ORDER RE: PLAINTIFF'S ADMINISTRATIVE MOTION TO FILE DOCUMENTS UNDER SEAL** |
|   v. | |
| MARK ROBESON, et al., | |
|     Defendants / | |

    Before the Court is plaintiff's "Administrative Motion . . . to File Certain Documents Under Seal," filed April 22, 2009, by which plaintiff seeks leave to file under seal the entirety of "Plaintiff's Reply Re Order to Show Cause Re Preliminary Injunction" and the entirety of three declarations in support thereof.

    Plaintiff states that the entirety of the four above-referenced documents should be filed under seal because (1) some of them "contain" material plaintiff has designated as confidential, and (2) exhibits attached to two of the declarations have been designated as confidential by defendant Mark Robeson ("Robeson"). The Court finds, for the reasons stated below, the showing made to date does not support the filing of the entirety of any of the four above-referenced documents.

    First, to the extent plaintiff's motion is based on its own designations, plaintiff's request for sealing the entirety of the documents is overbroad. Under the Local Rules of this District, "[a] sealing order may issue only upon a request that establishes that the document, or portions thereof, is privileged or protectable as a trade secret or otherwise

entitled to protection under the law." See Civil L.R. 79-5(a). "The request must be narrowly tailored to seek sealing only of sealable material." Id. Consequently, plaintiff is not entitled to have the entirety of a document filed under seal on the ground that a portion thereof is assertedly confidential.[1] The Court will, however, afford plaintiff leave to file a supplemental brief, supported by an appropriate declaration, that seeks leave to file under seal only sealable material.

Second, to the extent plaintiff's motion is based on designations made by Robeson, Robeson has failed to file a responsive declaration and, as a consequence, has not established that any document plaintiff seeks leave to file under seal is confidential. See Civil L.R. 79-5(d) (providing, where party seeks leave to file under seal any material designated as confidential by another party, designating party must file declaration establishing designated information is sealable). Because Robeson took the position during the hearing conducted April 24, 2009 that at least some material in the record was confidential, however, the Court, rather than directing the Clerk to file in the public record the exhibits plaintiff states have been designated as confidential by Robeson, will afford Robeson leave to file a late declaration.

Accordingly, plaintiff is hereby afforded leave to file, no later than May 18, 2009, a supplemental brief and declaration, and Robeson is hereby afforded leave to file, no later than May 18, 2009, a response declaration to plaintiff's administrative motion. As discussed above, any such showing must seek leave to file under seal only the portions of the document(s) at issue that consist of assertedly confidential material.

**IT IS SO ORDERED.**

Dated: May 11, 2009

MAXINE M. CHESNEY
United States District Judge

---

[1] Plaintiff has not argued that the entirety of any of the four above-referenced documents is confidential.

2